ABBIE A. CUMMER v. ANDREW K. MOYER AND LAURENCE
J. NEWSON.

*Affidavit for capias.*

An affidavit for a capias need not particularize the damages for which suit
is brought; it is enough if it states the facts constituting the cause
of action. In an action on the bail-bond the particulars of damage
may be set forth in the declaration.

Case made from Wexford. (Fallass, J.) June 10.—June 17.

DEBT. Plaintiff brings error. Reversed.

*Sawyer & Bishop* for appellant cited *Wilkinson v. Nichols*
43 Mich. 354.

*Pratt, Hatch & Davis* for appellee Newson. An affidavit
to hold to bail is insufficient unless it sets forth not simply
facts and circumstances that show that some loss or injury
might have occurred, the amount thereof being left to
inference or conjecture, but the facts and circumstances must
be stated with particularity, and the amount of damages
stated specifically in order that the officer in holding to bail
should have something before him on which to exercise his
judgment in fixing bail, and also to enable the principal and
his surety to know what possible liability they have to re-
spond to on their bail bond : *People v. McAllister* 19 Mich.
215 ; *Fish v. Barbour* 43 Mich. 19 ; *Howser v. Melcher* 40
Mich. 185 ; *People v. Judge Wayne Circuit* 36 Mich. 334.

COOLEY, C. J. The defendant Moyer was arrested on a
capias, and gave bond to the sheriff. Having failed to per
fect special bail, suit was brought on that bond. The affida-
vit on which Moyer was held to bail was as follows :

"*State of Michigan, Wexford County—ss. :* Robert J.
Cummer, of said county, being duly sworn, deposes and says
that he is the agent of Abbie A. Cummer, and that he makes
this affidavit in her behalf, and that he is personally ac-
quainted with, and cognizant of, the facts stated and set forth
in this affidavit, and makes the same of his own knowledge.

Deponent further says that Andrew K. Moyer was, on or about the sixth day of February, A. D. 1882, in the quiet and peaceable possession of certain lands and tenements situate in the city of Cadillac, in said county of Wexford, and described as lot number seven (7) of block number seven (7) of said city, excepting 32 feet off the south end of said lot; that said Andrew K. Moyer held said premises by virtue of a lease from the firm of McGraft & Montgomery, former owners of said premises, which lease was dated November 6, 1880, and was for the term of one year, with rent payable thereon the sixth of each and every month, and that said Moyer continued in possession of said premises after the expiration of said lease; that on or about February 6, 1882, the said Abbie A. Cummer purchased the said premises from McGraft & Montgomery, and that on or about February 5, 1882, this deponent had a conversation with said Moyer in regard to the length of time he (Moyer) expected to require said premises, and that said Moyer then stated that he wanted to remain until March 15th then ensuing, and an arrangement was then made between deponent and said Moyer for said premises to be held by Moyer until the said fifteenth of March, 1882; that on or about the fifth of March, 1882, the said Moyer came to deponent's store and wanted to make a further arrangement, and stated that his business would detain him longer than he expected, and he (said Moyer) wanted the privilege of remaining until April 6th then following, which arrangement was agreed to by deponent; that on the fifth or sixth of April, 1882, a further arrangement was made between said Moyer and deponent, whereby said Moyer was to remain in said premises until the sixth day of May, 1882, and that said Moyer then and there agreed with deponent to 'get out' on the sixth of May; that said Moyer at that time wanted to rent the premises for a longer time, but that deponent then and there refused to let said Moyer have the premises for any longer time, and told said Moyer that he must 'get out' by the sixth of May. Deponent further says that in all the said transactions deponent acted as the agent of said Abbie A. Cummer, and that all the arrangements made between her and said Moyer were made through deponent as such agent, and that said Moyer was cognizant of such agency. Deponent further saith that said Moyer did not vacate said premises on the sixth day of May, and refused to vacate the same at all times after said sixth day of May, and that said Abbie A. Cummer has not, since said sixth day of May, accepted any rent for the said premises, or

in any manner recognized said Moyer as her tenant. Deponent further saith that said Abbie A. Cummer, after the said sixth day of May, 1882, commenced an action before Samuel F. Long, a justice of the peace for the city of Cadillac, for the recovery of possession of said premises, which said action was appealed to the circuit court for said county, and that, on the trial of said appeal, and on the sixteenth day of January, A. D. 1883, the said Abbie A. Cummer recovered a judgment, then and there rendered and entered in said court, for the possession of said premises, and for the restitution thereof, as more fully appears by the records of said court. And deponent further saith that said Moyer remained in possession of said premises continuously from the said sixth day of May, 1882, until on or about the twentieth day of February, 1883. Deponent further saith that he verily believes that upon the aforesaid facts the said Abbie A. Cummer has a good cause of action against the said Andrew K. Moyer in an action of trespass on the case ; and that said Abbie A. Cummer claims damages in the sum of one thousand dollars.

R. J. CUMMER.

Subscribed and sworn to before me this thirtieth day of March, A. D. 1883.

CHARLES W. HIGGINS,

Notary Public, Wexford County, Michigan."

The declaration in the principal suit followed closely this affidavit in its allegations of a cause of action, and claimed damages as follows :

" By reason whereof the aforesaid, the said plaintiff, was fraudulently, wrongfully and injuriously deprived of the use, occupation and enjoyment of her said lands and tenements, and also by means of the said premises she, the said plaintiff, was forced to and did necessarily pay and expend divers sums of money, in the whole amounting to a large sum of money, to wit : five hundred dollars, for cost, expenses, and counsel fees in enforcing her right to said lands and tenements, and in prosecuting and defending divers suits and proceedings at law arising therefrom, and for aid and assistance necessarily employed in obtaining possession of said lands and tenements, and also by means of the said premises she, the said plaintiff, suffered great damage, to wit : five hundred dollars, in being obliged to occupy an uncomfortable and insufficient dwelling-house, and in delay in, obtaining possession of said premises in order to repair and improve the same ready for her

own use and occupation, and also in being harassed, troubled and mentally distressed by the aforesaid wrongful and willful deprivation of her said property, and was and is greatly injured by the committing of the aforesaid grievances. Whereby the said defendant hath, by force of the statute in such case made and provided,—viz., sec. twenty-four of chapter two hundred and eleven of the Compiled Laws of 1871,—forfeited treble damages to the said plaintiff, and other wrongs then and there did, all of which the aforesaid is of great damage to the said plaintiff, to wit: one thousand dollars; and therefore she brings suit," etc.

The plaintiff recovered four hundred dollars in the principal suit, which was trebled by the court under the statute.

In the trial on the bail-bond the defendant took the ground that by her declaration in the principal suit the plaintiff had substantially made a new and different case from that set out in the affidavit, there being in , the affidavit no allegations whatever of special damages. The circuit judge sustained this position, and held the plaintiff not entitled to recover.

This was error. There was no departure in the declaration from the cause of action upon which Moyer had been arrested. It was not necessary to particularize the damages in the affidavit for arrest; it was sufficient to show the facts constituting the cause of action. It is not claimed that the affidavit was defective in this showing; its defects, if any, are to be found in its failure to specify the particulars of damage, and to refer to the statute under which the plaintiff was entitled to have the actual damages trebled. But it is neither necessary nor customary to give these particulars in an affidavit for arrest. The defendant and his bail are supposed to understand that when declaration is filed, the plaintiff will claim the recovery she is entitled to on the facts set out in the affidavit.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.